IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MARK GALLACHER AND RAINE GALLACHER,<br><br>          Plaintiffs,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>          Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION TO REMAND<br><br><br><br>Case No. 2:22-CV-766-TS-JCB<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Motion to Remand. For the reasons discussed below, the Court will grant the Motion.

I.  BACKGROUND

Plaintiffs purchased a Honda Pilot in 2019. The Honda Pilot was covered by the manufacturer's warranty. Plaintiffs allege the vehicle had a defective sunroof that Defendant was unable to repair. As a result of this alleged defect, Plaintiffs revoked acceptance of the Pilot. Defendant refused Plaintiffs' demand for revocation. Plaintiffs claim the Pilot remains defective. Plaintiffs bring claims under the Magnuson-Moss Warranty Act ("MMWA"). Plaintiffs seek damages in the amount of the "[d]iminution in value of the Pilot or incurred and/or needed costs of repair and all incidental and consequential damages," as well as all reasonable attorney's fees and costs.[1] Plaintiffs brought suit in Utah State Court. Defendant removed this action to this

---

[1] Docket No. 2-1, at 6.

1

Court. Plaintiffs now seek remand. The Court will grant Plaintiff's Motion and this case will be remanded.

## II.  DISCUSSION

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."[2] A civil action brought in state court may be removed to federal court when "the district courts of the United States have original jurisdiction."[3] At issue here is the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). 28 U.S.C. § 1332(a)(1) states that district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

"The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal."[4] "[T]he parties removing [the] case to federal court . . . bear the burden of establishing jurisdiction by a preponderance of the evidence."[5] Further, "[r]emoval statutes are to be strictly construed and all doubts are to be resolved against removal."[6]

Under 15 U.S.C. § 2310(d)(1), a customer "who is damaged by the failure of a supplier, warrantor, or service contractor to comply with . . . a written warranty, implied warranty, or

---

[2] *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015) (internal citations and quotation marks omitted).

[3] 28 U.S.C. § 1441(a).

[4] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[5] *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013).

[6] *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted).

service contract" may bring suit. However, federal jurisdiction is not created over an MMWA claim if the amount in controversy is less than $50,000.[7] In determining the amount in controversy under the MMWA, courts look to state law.[8] Utah has adopted the Uniform Commercial Code, which provides that damages for breach of warranty claims are measured by the difference between the value of the goods accepted and the value that the goods would have had if they had been warranted.[9]

As stated, Plaintiffs seek damages for the diminished value of the vehicle along with the costs incurred to repair it. The Complaint provides no allegations as to the diminished value of the Pilot or the amounts Plaintiffs have expended in seeking to repair the allegedly defective sunroof. In its Notice of Removal, Defendant points to the purchase price of the vehicle to support the amount in controversy. However, this is not the correct measure of damages.

> While the purchase price . . . provides evidence of what the car was worth as warranted, there is no evidence that allows us to determine the diminished value of the car, which is the core of [Plaintiffs'] requested damages. Without evidence as to the diminished value of the car, the court is unable to determine the amount in controversy.[10]

As such, Defendant has not met its burden of establishing that the amount in controversy is greater than $50,000, let alone the $75,000 threshold for diversity actions.

Defendant points to the possibility that a recovery of attorney's fees could push the measure of damages above the relevant thresholds. However, the Tenth Circuit, and the majority

---

[7] 15 U.S.C. § 2310(d)(3).

[8] *Gardynski–Leschuck v. Ford Motor Co.*, 142 F.3d 955, 956–57 (7th Cir. 1998); *Veach v. Gen. RV Ctr.*, No. 2:19-cv-539-JNP-DAO, 2020 WL 9258452, at *2 (D. Utah May 27, 2020).

[9] *Veach*, 2020 WL 9258452, at *2; Utah Code § 70A-2-714(2).

[10] *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 890 (5th Cir. 2014).

of the other circuits to consider the issue, have concluded that attorney's fees are not included in determining the amount in controversy under the MMWA.[11] Because Defendant has not met its burden to show the requisite amount in controversy under either the MMWA or 28 U.S.C. § 1332, this case must be remanded.

Plaintiffs request their attorney's fees and costs in filing this Motion. Pursuant to 28 U.S.C. § 1447(c), an order remanding a case may require payment of costs and expenses, including attorney fees. "[T]he standard for awarding fees should turn on the reasonableness of the removal."[12] "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."[13]

The Court cannot conclude that Defendant lacked an objectively reasonable basis for seeking removal. Plaintiffs' allegations regarding their alleged damages are unclear and incomplete. Further, there is limited case law concerning the proper computation of damages under the MMWA in this circuit and there is a recent split within the circuits as to whether attorney's fees can be considered in determining the amount in controversy. Based upon these considerations, the Court declines to award fees and costs.

---

[11] *Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp.*, 149 F. App'x 775, 778 n.1 (10th Cir. 2005), *abrogated on other grounds by Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014), ("Claims for attorneys fees . . . are not included in the amount-in-controversy calculation for purposes of the MMWA."); *see also Ansari v. Bella Auto. Grp.*, 145 F.3d 1270, 1271 (11th Cir. 1998); *Suber v. Chrysler Corp.*, 104 F.3d 578, 588 n.12 (3d Cir. 1997); *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir. 1984); *Saval v. BL Ltd.*, 710 F.2d 1027, 1032–33 (4th Cir. 1983); *but see Shoner v. Carrier Corp.*, 30 F.4th 1144, 1148 (9th Cir. 2022).

[12] *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

[13] *Id.*

## III.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion to Remand (Docket No. 9) is GRANTED. The Clerk of the Court is directed to remand this matter to the Fourth Judicial District Court of Utah, Utah County.

DATED this 6th day of March, 2023.

BY THE COURT:

_____
Ted Stewart
United States District Judge